UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GARNER, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>PHOENIX AIR GROUP, INC.,<br><br>          Defendant. | Case No.  24-cv-07720-AGT<br><br>**ORDER ON MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

    Phoenix Air Group, Inc., permissibly removed this civil action under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Phoenix Air provided the Navy with commercial airplanes to be used during weapons testing exercises, under a contract with the U.S. Department of the Interior. Phoenix Air outfitted the planes with special mission equipment, and the contract detailed technical, personnel, maintenance, and mechanical requirements with which Phoenix Air had to comply. One of the planes crashed during a training exercise off the coast of California. All three members of the flight crew died. Their survivors sued Phoenix Air for negligence, filing this action in Alameda Superior Court.

    Phoenix Air was "involved in an effort to assist, or to help carry out, the duties or tasks of [a] federal superior," as required for removal under § 1442(a)(1). *DeFiore v. SOC LLC*, 85 F.4th 546, 554 (9th Cir. 2023) (simplified). Also as § 1442(a)(1) requires, the

circumstances giving rise to plaintiffs' claims resulted from Phoenix Air's work for a federal superior, i.e., for the DOI and the Navy. *See id.* at 557.

Satisfying § 1442(a)(1)'s final requirement, Phoenix Air alleges "a colorable federal defense," *id.* at 558, namely, the government contractor defense. *See Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) ("This defense protects government contractors from tort liability that arises as a result of the contractor's compliance with the specifications of a federal government contract.") (simplified). The exact cause of the crash is unknown: plaintiffs filed their complaint before the National Transportation Safety Board finalized its incident report. *See* Compl. ¶ 19. But given all the technical, mechanical, and equipment specifications the DOI and the Navy required Phoenix Air to abide by, it is conceivable, as Phoenix Air alleges, that Phoenix Air's potential tort liability "arises as a result of the [company's] compliance with the specifications of a federal government contract." *Getz*, 654 F.3d at 860.

At this stage, the relevant question isn't whether Phoenix Air's federal defense is meritorious. "[A] defendant invoking § 1442(a)(1) need not win his case before he can have it removed." *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014) (simplified). So long as the defense isn't "immaterial," "wholly insubstantial," or "frivolous," it supports removal under § 1442(a)(1). *DeFiore*, 85 F.4th at 560 (simplified). Phoenix Air's government contractor defense clears this "low bar." *Id.*

"[C]ourts afford § 1442 a generous and liberal construction, interpreting the statute broadly in favor of removal." *Id.* at 553 (simplified). Consistent with that approach, and in view of the pleadings, notice of removal, and documents incorporated by reference therein, *see* dkt. 19-1, Aaron Decl., Ex. 1 (Phoenix Air's contract with the DOI), the Court concludes that Phoenix Air validly removed this case under § 1442(a)(1). Having made this determination, the Court won't separately consider Phoenix Air's other basis for removal: federal

enclave jurisdiction. *See* Notice of Removal ¶¶ 10–13.

Plaintiffs' motion to remand is denied.

**IT IS SO ORDERED.**

Dated: May 30, 2025

Alex G. Tse
United States Magistrate Judge