UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GARNER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PHOENIX AIR GROUP, INC., <br><br> Defendant. | Case No. 24-cv-07720-AGT <br><br> **ORDER ON MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 69 |

On February 24, 2026, the Court granted Phoenix Air Group, Inc.'s motion to transfer venue to the Northern District of Georgia, Rome Division. The Court granted the motion to transfer, under 28 U.S.C. § 1404(a), because the case "has almost no ties to the Northern District of California," the "minimal ties to this District are easily outweighed by the connections with the Northern District of Georgia, Rome Division," and because "[t]wo of the three decedents agreed to forum-selection clauses, identifying the Northern District of Georgia, Rome Division, as the agreed upon federal venue." Dkt. 66 at 1–2.

Shortly after the Court granted Phoenix Air's motion to transfer, Plaintiffs filed an administrative motion to temporarily stay the transfer until they could file a motion for leave to file a motion for reconsideration. Dkt. 67. The Court granted Plaintiffs' administrative

motion to stay the transfer, and Plaintiffs timely filed their motion for leave to file a motion for reconsideration on March 4, 2026. Dkts. 68, 69.

The Court has now considered Plaintiffs' motion for leave and concludes that the motion lacks merit. Plaintiffs haven't convinced the Court that any of the three grounds for reconsideration is implicated. Plaintiffs haven't identified "a material difference in fact or law" from that which was presented before the Court ruled on the motion to transfer, Civil L.R. 7-9(b)(1); they haven't identified the "emergence of new material facts or a change of law," *id.* 7-9(b)(2); and they haven't established a "manifest failure by the Court to consider material facts or dispositive legal arguments," *id.* 7-9(b)(3).

At bottom, Plaintiffs worry that the transfer to the Northern District of Georgia will result in a prejudicial change of the applicable substantive law. Plaintiffs articulated this concern in opposition to the motion to transfer. Dkt. 60 at 17–19. The Court considered it but found it didn't constitute an exceptional circumstance that warranted disregarding the forum-selection clauses and the minimal ties the case has with this District. Dkt. 66 at 2–3.

Importantly, a set of judicial rules already govern choice-of-law decisions after venue is transferred under § 1404(a). *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (requiring the transferee court to apply the state law of the transferor court in diversity cases in which defendants seek transfer; "reject[ing] the plaintiffs' contention that the transfer was necessarily precluded by the likelihood that a prejudicial change of law would result"); *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (extending *Van Dusen*'s rule to § 1404(a) motions filed by plaintiffs); *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1046 (9th Cir. 2012) (applying *Van Dusen*'s rule in a federal-question case). *But see Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 64–65 (2013) (holding that *Van Dusen*'s

2

rule doesn't apply "when a transfer stems from enforcement of a forum-selection clause;" "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules"). The transferee court will be well equipped to apply these rules and any similar rules governing the choice-of-law decision after the transfer of venue. As the transferor court, this Court needn't "make an elaborate survey of the [substantive] law" and determine whether the laws of this District or the Northern District of Georgia are more favorable to Plaintiffs. *Ferens*, 494 U.S. at 529. "[T]he decision to transfer venue under § 1404(a) should turn on considerations of convenience rather than on the possibility of prejudice resulting from a change in the applicable law." *Id.* at 528.

Plaintiffs cite cases from the 1950s in which district courts granted motions to transfer venue on the condition that the defendant would stipulate that the statute of limitations applicable in the transferor court would apply in the transferee court. *See, e.g.*, *May v. The Steel Navigator*, 152 F. Supp. 254, 255 (S.D.N.Y. 1957); *Crawford v. The SS Shirley Lykes*, 148 F. Supp. 958, 959 (S.D.N.Y. 1957). These cases predate *Van Dusen*, 376 U.S. 612, where the Supreme Court first articulated uniform choice-of-law rules under § 1404(a). *Van Dusen* and its progeny apply now, not the pre–*Van Dusen* stipulation approach.

For the avoidance of doubt, the Court also makes clear that *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985), a decision Plaintiffs relied upon in opposition to Phoenix Air's motion to transfer venue, isn't applicable. *Mitsubishi*, in dicta, stated that an agreement to prospectively waive a party's right to sue another party for antitrust violations would contravene public policy. *Id.* at 637 n. 19. *Mitsubishi* relied in part on *Redel's Inc. v. General Electric Co.*, 498 F.2d 95, 99 (5th Cir. 1974), a decision in which the

court reasoned that such a prospective waiver could itself constitute a "restraint of trade" under the Sherman Act, 15 U.S.C. § 1, because the waiver would allow for anticompetitive behavior that would impact not only the parties but also the public.

Plaintiffs suggest that a similar analysis could apply here if choice-of-law and forum-selection clauses in the decedents' employment agreements are interpreted together as waiving a right to sue. To be clear, such an interpretation hasn't been adopted to date in this case. But in any event, *Mitsubishi*'s and *Redel's* analysis of antitrust law has no relevance to Plaintiffs' maritime tort claims. *Redel's* concern about the competitive functioning of commercial markets has no readily discernable relation to admiralty and maritime law.

The Court denies Plaintiffs' motion for leave to file a motion for reconsideration. The Clerk of the Court shall transfer this case to the Northern District of Georgia, Rome Division. The Court won't delay the transfer to allow Plaintiffs to move to certify the Court's transfer order for interlocutory appeal or to file a petition for mandamus relief.

**IT IS SO ORDERED.**

Dated: March 6, 2026

_____
Alex G. Tse
United States Magistrate Judge

4